## SEAY v. COUNTY COMM'RS OF ELLIS AND ROGER MILLS COUNTIES.

No. 708.    Opinion Filed November 16, 1910.

**COURTS—Supreme Court—Original Jurisdiction—County Indebtedness.**
Section 38 of the Schedule to the Constitution does not confer upon the Supreme Court original jurisdiction of an action by an individual, holding a judgment bond against one of the old counties of the territory of Oklahoma, to obtain upon the bond judgment against the new counties created in whole or in part out of such old county, or to obtain an order decreeing what portion of the liability each county shall pay.

(Syllabus by the Court.)

*Original Action in the Supreme Court.*

Action by A. J. Seay against Boards of Commissioners of Ellis and Roger Mills Counties. Dismissed.

*M. W. Hinch,* for plaintiff.

*C. B. Leedy,* County Attorney of Ellis County, and *W. H. Mouser,* County Attorney of Roger Mills County, for defendants.

HAYES, J.   This is an original action in this court in which plaintiff seeks to recover judgment on a certain judgment funding bond against the counties of Ellis and Roger Mills.   He sets out in his petition a certain judgment funding bond issued by the county of Day in the territory of Oklahoma, and alleges that, upon the adoption of the Constitution of the state, Day county became dissolved; and that the territory formerly composing said county is now embraced partly within the county of Roger Mills and partly within the county of Ellis; that said counties became and are now liable to the petitioner for the amount of said bond; and prays for judgment of this court equitably dividing said indebtedness between said counties, and for a judgment against said counties for the respective amounts held by the court to be the equitable parts of the indebtedness they should pay.

Section 2, art. 7 of the Constitution (Snyder's Const., p. 210), provides that:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law.   The Supreme Court shall have power to issue writs of *habeas corpus,* mandamus, *quo warranto,* certiorari, prohibition, and such other remedial writs as may be provided by law, and to hear and determine the same. * * * *"

It is apparent that this cause is not embraced within any of the matters over which this court is given original jurisdiction by the foregoing provision of the Constitution.   Section 20 of the Schedule to the Constitution (Snyder's Const., p. 386) provides that the Legislature shall provide by general, special, or local law for the equitable division of the property, assets and liabilities of any county existing in the territory of Oklahoma between such county and any new county or counties created in whole or in part out of the territory of such county.   Section 21 provides that all property, real and personal, and credits, claims and choses in action,

belonging to the county of Day at the time of the admission of the state into the Union, shall be vested in and become the property of the county of Ellis, and then provides that the Legislature shall, in the same manner as provided by section 20, as to the other counties, make provision for the division of the assets and liabilities of Day county between the counties of Roger Mills and Ellis.

Section 38 of the Schedule provides that:

"Should the first session of the Legislature, provided by this Constitution, fail to provide for the division of the property, assets and liabilities of any county existing in the territory of Oklahoma between such county and any county or counties created in whole or in part out of such county, original jurisdiction is hereby conferred upon the Supreme Court to make equitable division of such property, assets and liabilities.    *    *    *"

It is probable that counsel construed this section as conferring original jurisdiction of this cause upon the Supreme Court, but such we do not regard to be the effect of this provision. It was intended by section 38 of the Schedule to provide a means for the division and apportionment of the assets and liabilities between the new counties created by the Constitution and the parent counties out of which the new counties were created, if the Legislature should fail to act, as provided in sections 20 and 21 of the Schedule. Sections 20 and 21 clearly contemplate an adjustment and division of the liabilities and assets between the counties, and not between the counties or any of them and persons having claims against such counties; and it was not intended by section 38 to confer upon this court jurisdiction, upon application of an individual claimant against any county, to divide up such claims and substitute another obligor for the original one. All that was contemplated by this provision was that if the Legislature failed to act, this court should, as between the counties, ascertain what would be an equitable division of the assets, and what proportion each county should contribute toward the discharge of the liabilities of the old county, and to make an order accordingly.

Our attention has been called to no statute conferring juris-

diction of this matter upon the court, and we know of none. The cause must therefore be dismissed for want of jurisdiction.

DUNN, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.